UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY A. WINTERS,**<br>**COLLECTION SOLUTIONS, INC.,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**ELECTRONIC MERCHANT**<br>**SYSTEMS,** *et al.***,**<br><br>    **Defendants.** | Civil Action No. 17-12003 (CCC)<br><br><br><br><br><u>**ORDER**</u> |

  **THIS MATTER** is before the Court following a hearing on May 28, 2019, to address the status of the case (ECF No. 70), precipitated by correspondence stating, *inter alia*, that Plaintiffs had discharged former counsel, David Hoffman, Esq., and proceeded to settle the case with substitute counsel, which Mr. Hoffman objects to;

 and upon review of the docket and the proceedings in this case, the Court concludes as follows:

## **FACTUAL AND PROCEDURAL HISTORY**

1. This case has a convoluted procedural history, which is discussed as necessary below. In its current form, it is a fraud and breach of contract putative class action, in which Plaintiffs allege that Defendants have breached various contractual principles by enforcing supposedly "illegible" provisions in contracts and failing to properly account for funds collected on their behalf.

2. The case was originally filed in New Jersey Superior Court on May 18, 2016. (Notice of Removal, ¶ 6.) Following the filing of two amended complaints, the second of which added class action allegations to the case, the matter was removed from New Jersey Superior Court on November 22, 2017, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453. (ECF No. 1.) At the time of removal, there were two named Plaintiffs: Collection Solutions, Inc. and its principal, Jeffrey Winters.

3. On December 5, 2017, Plaintiffs' then-counsel, David M. Hoffman, Esq., filed a letter with the Court requesting a status conference and a "reference to mediation." (ECF No. 9.)

4. On December 8, 2017, and January 17 and February 15, 2018, the Undersigned held status conferences with counsel regarding Plaintiffs' request to proceed to mediation, as well as addressing a series of issues and questions about the state of the pleadings and the federal court docket. For example, due to the timing of removal, the parties were unsure as to which was the operative complaint and whether motions that were filed in state court were pending in federal court. In addition, Plaintiffs' counsel indicated that plaintiffs wished to file a third amended complaint.

5. On February 22, 2018, Plaintiffs filed a motion for leave to file a third amended complaint. The motion was opposed. On September 14, 2018, the Undersigned held an in-person conference that included oral argument on the motion seeking permission to file the third amended complaint. Plaintiffs' motion was granted, and the third amended complaint was filed on September 17, 2018. (ECF Nos. 32-33.)

6. On September 28, 2018 (later modified by Order dated October 19, 2018), at the

request of the parties, the Undersigned referred this case to mediation before the Hon. Dennis M. Cavanaugh (ret.) (ECF Nos. 38, 44.) This referral was to private mediation on the consent of both parties. (*Id*.) However, as a condition of Defendants consenting to the mediation, the Undersigned permitted Defendants to file their pre-answer motion to dismiss the third amended complaint and have that motion briefed. (*Id*.) The concept was that the motion to dismiss would be on file and also provide the parties with substantive assistance to prepare for mediation by reflecting their respective views on the merits of the case.

7. The Order finalizing the referral to mediation made clear that, other than the filing and briefing of Defendants' motion to dismiss the third amended complaint, the case was stayed for 150 days from the date of the Order:

   > **With the exception of the briefing schedule outlined above, this action is hereby stayed for 150 days from the date of this Order**. If the mediation is not successful, there shall be a telephone conference before the Undersigned on March 6, 2019, at 3:00 p.m. . . . .

   (Order dated October 9, 2018, at ¶ 7) (emphasis added).

8. On February 24, 2019, within the 150 day stay of the case imposed by the October 9 Order, Mr. Hoffman, Plaintiffs' then-counsel, filed on the docket a two page document titled "Notice of Supplement to First Federal Class Action Complaint Naming Four Additional Class Action Representative Plaintiffs." (ECF No. 54.) This filing, although referencing four additional representatives, purported to add five additional plaintiffs: David Hobbs, Susan N. Martinez-Kutcher, Kathleen Schoo, Jeffrey Schoo, and Yvonne Evans.

9. On February 28, 2019, the parties appeared for mediation. At the mediation, original Plaintiffs, Mr. Winters and Collections Solutions, appeared with two lawyers: Mr. Hoffman, on behalf of Mr. Winters and CSI, and Michael J. Breslin,

3

Jr., Esq., as personal counsel to Mr. Winters.  (ECF No. 60 at 1.)

10. The case did not settle during the mediation.

11. However, following the mediation, Defendants were informed that Plaintiffs Mr. Winters and CSI had discharged Mr. Hoffman and were replacing him with Mr. Breslin.  (*Id.*)

12. On April 9, 2019, Mr. Breslin entered a notice of appearance on this Court's docket on behalf of Mr. Winters and CSI. (ECF No. 56.)

13. By letter of May 24, 2019, Mr. Breslin advised the Court that Plaintiffs Winters and CSI had reached an agreement to settle this case on an individual basis and that they wished to place the settlement on the record and have the case dismissed. (ECF No. 57).

14. The same day, Mr. Hoffman filed a letter on the docket acknowledging that he no longer represented Mr. Winters or CSI, but nevertheless objecting to the settlement on the basis that "we: (1) retain the right and obligation to ensure that any settlement agreement is properly implemented and accurately represents the wishes of Winters and CSI; (2) retain the right to ensure that our attorney's lien on the settlement proceeds is appropriately handled; and (3) assert our right to move for appropriate sanctions related to inappropriate and unethical . . . "pick off" attempt by defense counsel and Mr. Breslin."  (ECF No. 58.)

15. In response to these filings, the Court held a conference on May 28, 2019, during which Mr. Hoffman repeated these assertions and also claimed that the case could not be settled and dismissed because, he claimed, that his February 24, 2019 filing added additional plaintiffs to the case that did agree to settle the case.

16. Defendants, both during the May 28 conference and in a letter submitted following the call, stated that Mr. Hoffman had been discharged by the original two plaintiffs in the case (which he confirmed); that he had no standing to participate further in the case; that his purported filing on February 24 was in violation of the Court's Order staying the case and therefore a nullity; that even if the filing was permissible it is insufficient to add parties to the case; and that the court should dismiss the case. (ECF No. 63.)

17. On June 4, 2019, Plaintiffs, Winters and CSI, through Mr. Breslin, and Defendants filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

18. On June 6, 2019, Mr. Hoffman filed a purported motion, without formal leave of Court, seeking relief, including "acknowledging and validating the appearance of all named putative Class Action Plaintiffs" and "specifying appropriate sanctions against Defendants' counsel and Mr. Breslin, Esq. for their violation of RPC 4.2." (ECF No. 67.)

19. On June 7, Mr. Hoffman objected to the stipulation of dismissal on the grounds that it had not been signed by "all parties that have appeared" and because it allegedly violated Rule 23.

**DECISION**

Against the above backdrop, the Court has considered the state of the docket and how best to proceed. For the reasons that follow, the stipulation of dismissal is acknowledged, the case should be dismissed in accordance with the parties' stipulation, and Mr. Hoffman's motion is denied as both procedurally and substantively improper.

Mr. Hoffman's filing on February 24, 2019, attempting to add new lead Plaintiffs to the case, was ineffective for a multitude of reasons.

5

**First**, by Order dated October 9, 2018, the case was stayed when Mr. Hoffman made the February 24 filing, except for briefing on a motion to dismiss. (*See* ECF No. 44; *see also* ¶ 7, *supra*). In short, Mr. Hoffman's filing was improper and violated a Court Order. Thus, it is of no legal consequence and did not add any parties to the case.

**Second**, Mr. Hoffman's February 24 filing was made "[o]n behalf of The Law Office of David M. Hoffman and David M. Hoffman, Esq., and as attorneys for the Plaintiff Class . . . ." (ECF No. 54.) However, neither Mr. Hoffman nor the "Plaintiff class" are appropriate movants in any application seeking to add parties. In order to add plaintiffs to the case, *the existing plaintiffs – Mr. Winters and CSI – were required to move to add additional parties as co-plaintiffs. See, e.g.*, *United States v. Triumph Gear Systems, Inc.*, 870 F.3d 1242, 1248 (10th Cir. 2017) ("the right to amend lies solely with 'a *party*'"). That did not happen here. Mr. Hoffman moved on his own behalf and on behalf of a non-existent, not-yet certified class, which is ineffective. *See id.* (rejecting attorney's attempt to add himself and a non-party as plaintiffs absent the involvement of the original plaintiff: "it wasn't a Rule 15 addition – or an addition of any kind. Nor could it have been, because [would-be plaintiffs] weren't parties and thus had no power to amend the complaint.").

**Third**, even if by some mechanism the filing was not barred by the stay and was made by a party to the case (neither of which are the case), the filing is still ineffective. Mr. Hoffman's argument that his filing effectively automatically adds the new plaintiffs to the case is not correct. Any attempt to add new parties to the case requires leave of court and an amendment of the pleadings pursuant to Federal Rule of Civil Procedure 15. It is not accomplished by simply filing a document, without leave, and during the period of a stay. *See, e.g.*, *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 511 (3d Cir. 1998) (explaining that class representative sought leave and was granted permission to add additional lead plaintiffs); *Grimes v. Correctional Med. Servs.*, 2011 WL 4478983, at *3 (D.N.J. Sept. 26, 2011) (motion to amend to add new plaintiffs); *Fourte v. Countrywide Home Loans, Inc.*, 2009 WL 2998110, at *2, 10 (D.N.J. Sept. 15, 2009)

6

(same); *Payne v. Fujifilm*, 2009 WL 10690449, at *2 (D.N.J. Mar. 9, 2009); *Stanley v. St. Croix Basic Servs., Inc.*, 2008 WL 5973489, at *1 (D.V.I. Mar. 4, 2008).

In short, Mr. Hoffman contends that the June 4 Stipulation of dismissal signed by counsel for Plaintiffs Winters and CSI and counsel for Defendants is ineffective because there are five additional plaintiffs and him that did not sign off on the settlement.[1] As explained, this is not the case. There are not five additional plaintiffs in this case. There are two plaintiffs in the case and they have settled with Defendants. Nothing more. Mr. Hoffman's February 24 "Supplement" was filed in violation of a Court Order; on behalf of himself and not the named Plaintiffs in the case; and without seeking or receiving leave pursuant to Rule 15. Therefore, the filing is a nullity, and the Plaintiffs and Defendants are free to settle and dismiss the case, as they have attempted to do.

Moreover, Mr. Hoffman's motion seeking attorney's fees and an ethical determination is not properly a matter for this court and is denied. If Mr. Hoffman believes he is entitled to some relief of this type, he is free to pursue same in whatever forum is appropriate.

Based on the above,

**IT IS on this 8th day of July 2019,**

**ORDERED** that, Mr. Hoffman's motion at ECF No. 67 is **DENIED**; and it is further

---

[1] Mr. Hoffman's filing also objects to the Rule 41 stipulation claiming it is precluded by Rule 23(e) because this is a proposed class action. This is not correct. Rule 23 refers to a "certified class" or a class being certified for settlement purposes. *See* Fed. R. Civ. P. 23(e). Here, Plaintiffs have decided to settle their claims on an individual basis. Thus, Rule 23(e) is not implicated. *See, e.g.*, *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081-82 (8th Cir. 2017).

**ORDERED** that, the Clerk of the Court is requested to give full effect to the Stipulation of Dismissal and mark this case as **CLOSED**.

> **s/Mark Falk**
> **MARK FALK**
> **United States Magistrate Judge**